# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF TEXAS
# SAN ANGELO DIVISION

| | | |
|---|---|---|
| DENNIS STARKEY, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | |
| CENTRAL CREDIT SERVICES, | § | |
| INC. | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Dennis Starkey, hereinafter referred to as Plaintiff complaining against Central Credit Services, Inc. hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.  This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover

monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2. Plaintiff, Dennis Starkey, is a natural person residing in Tom Green County. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section 17.50(a)(1).

3. Defendant, Central Credit Services, Inc., is a corporation engaged in the business of collecting consumer "debts" as defined by 15 U.S.C. §1692(a)(5) by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FIRST COUNT

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendant

contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

    b. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including Defendant calling Plaintiffs mother-in-law that they were calling for a debt [Plaintiff] owed when they were already fully aware of Plaintiffs contact information, as they had called him several times (§ 1692b(2) & § 1692c(b));

    c. Failing to disclose the callers individual identity in a telephone call to Plaintiff, including Defendants caller using an alias to call Plaintiff and to shout at and abuse him, insisting his name was John McCain, and refusing to allow Plaintiff to speak to a supervisor (§ 1692d(6));

    d. In connection with collection of a debt, using obscene or profane language directed at Plaintiff, including Defendants collectors shouting at Plaintiff over the phone, Were going to get our money one way or the other!  I don't care if you've been sued on this debt previously and won!  What's your damn lawyers name?!?  Ill wait!!  You don't scare me!  We want our money!! (§ 1692d(2));

    e. Falsely representing that an individual is an attorney, including Defendants collection agent shouting, I'm a lawyer! You don't scare me! Go ahead and hire an attorney! Its going to be a waste of time! (§ 1692e(3));

    f. Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including Defendants collectors shouting at Plaintiff, It doesn't matter what you do! Were going to get our money by any means necessary! You're a liar and what you did was a crime! (§ 1692e(7));

    g. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant failing to provide Plaintiff with any writing whatsoever tending to advise Plaintiff of his right to dispute the debt or any portion thereof within the required statutory period and of his right to request validation of same (§ 1692g(a)).

6.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

7.  Plaintiff reincorporates by reference herein all prior paragraphs above.

8.  Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a.  Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19));

   b.  Using profane or obscene language or language intended to unreasonably abuse Plaintiff (Tex Fin Code § 392.302(1));

   c.  Placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten Plaintiff (Tex Fin Code § 392.302(2));

   d.  Causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff (Tex Fin Code § 392.302(4));

   e.  Using a communication that purports to be from an attorney or law firm when it was not (Tex Fin Code § 392.304(a)(16));

9. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

10. Defendant's aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

11. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

12. Plaintiff reincorporates by reference herein all prior paragraphs above.

13. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

14. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

15. Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

16. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

17. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

18. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

19. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

20. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

21. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

## FOURTH COUNT
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

22. Plaintiff reincorporates by reference herein all prior paragraphs above.

23. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendant as follows:

(a)  a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b)  an award of actual damages;

(c)  an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)  an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e) a declaratory judgment be entered that Defendant's conduct violated the Texas Deceptive Trade Practices Act;

(f) an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g) seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(h) such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on May 11th, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, San Angelo Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz
